IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE MATTER OF THE EXTRADITION OF: | * * * |
| LEONARDO MENDEZ JIMENEZ | * Case No. 14-2319-SAG * |
| Alias Nardo | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The instant memorandum opinion addresses the issue of whether the sentence imposed on Leonardo Mendez Jimenez in Costa Rica has lapsed pursuant to Costa Rican law, which affects whether the United States has authority to grant extradition under Article 7 of the Extradition Treaty between the United States and Costa Rica.[1] I have reviewed the Government's Supplemental Memorandum in Support of Extradition ("Gov. Supp. Mem."), Mr. Mendez Jimenez's Supplemental Memorandum in Opposition to Extradition ("Jimenez Supp. Mem."), the Government's Reply, and Mr. Mendez Jimenez's Sur-reply. [ECF Nos. 12, 13, 14, 15]. For the reasons set forth below, I find that Mr. Mendez Jimenez's sentence has not lapsed, and that his extradition is therefore permitted.

I.   BACKGROUND

On October 9, 2014, the United States filed a Complaint for the extradition of Leonardo Mendez Jimenez, at the request of the Government of the Republic of Costa Rica (hereinafter "Costa Rica") pursuant to the Extradition Treaty between the United States and Costa Rica (hereinafter "Extradition Treaty"). [ECF No. 1]. Mr. Mendez Jimenez was arrested and brought

---

[1] Article 7 of the Extradition Treaty between the United States and Costa Rica states: "Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time pursuant to the laws of the Requesting State." Gov. Supp. Mem., Exh. 1.

1

to Court for an initial appearance on October 10, 2014. [ECF Nos. 3, 4]. On the day of his extradition hearing, October 23, 2014, counsel for Mr. Mendez Jimenez submitted an opposition to the Government's request for extradition, arguing that the eight-year sentence imposed on Mr. Mendez Jimenez in Costa Rica is not covered by the Extradition Treaty because it lapsed on June 24, 2013.[2] [ECF No. 8]. At the hearing, I directed both parties to submit supplemental briefing on this issue.

Both parties agree that Mr. Mendez Jimenez was sentenced in Costa Rica on September 24, 2002. Gov. Supp. Mem. 2–3; Jimenez Supp. Mem. 1. Mr. Mendez Jimenez argues that Costa Rica's statute of limitations for lapse of sentences began to run on the date he was sentenced—September 24, 2002. Jimenez Supp. Mem. 1. Under this theory, Mr. Mendez Jimenez's eight-year sentence would have lapsed on May 22, 2013.[3] *Id.* The Government argues that the statute of limitations began to run on the date Mr. Mendez Jimenez's conviction was affirmed on appeal—February 20, 2004. Gov. Supp. Mem. 3. Under this theory, Mr. Mendez Jimenez's eight-year sentence would not have lapsed until October 20, 2014. *Id.*

## II. ANALYSIS

The Government relies primarily on two sources for its argument that Mr. Mendez Jimenez's sentence lapsed on October 20, 2014: (1) a certified translation of a document from the Tribunal of Cartago, Turrialba Office in Costa Rica ("the Cartago Tribunal") that corrected the "firm sentence" date cited in Mr. Mendez Jimenez's international arrest order to February 20,

---

[2] Article 84 of Costa Rica's Criminal Code, Law Number 4573, provides that a sentence lapses in time equal to that of the sentence, plus one third. Gov. Supp. Mem., Exh. 2.

[3] Mr. Mendez Jimenez argues that the sentencing date lapsed on June 24, 2013, as stated in his international arrest order, but acknowledges that the correct date from September 24, 2002 would have been May 22, 2013. Jimenez Sur-reply 2, n.3.

2

2004, and corrected the lapse date to October 20, 2014;[4] (2) translations of Costa Rica's Criminal Code and Criminal Procedural Code provided by the Embassy of Costa Rica, which state, in relevant part, that "the statute of limitations starts to run from the day the sentence is firm," and that a decision is final "when [a judicial determination] is not timely appealed." Gov. Reply, Exh. 2. I find these sources sufficient to prove that Mr. Mendez Jimenez's sentence would not have lapsed until October 20, 2014.

Mr. Mendez Jimenez argues that the document written by the Cartago Tribunal correcting the "sentencing date" is inadequate, is "in garbled English and is almost unintelligible." Jimenez Supp. Mem. 2. Not only do I find the translation of the document sufficiently comprehensible, but Mr. Mendez Jimenez's argument contains an erroneous premise. The Cartago Tribunal did not correct the sentencing date—which no one disputes was on September 24, 2002—but rather corrected only the final decision date (i.e. "the date [o]n which the sentence was declared firm") and the lapse date set forth in the international arrest order generated by the same Tribunal five months prior. There is no "new" sentencing date. Mr. Mendez Jimenez also argues that because this document failed to explain why the final decision date is relevant, and what legally constitutes a "firm sentence" in Costa Rica, it is not adequate and reliable legal evidence. Jimenez Supp. Mem. 3. He cites to a line of cases where courts have found evidence, primarily factual affidavits relating to the underlying crime, to be unreliable or untrustworthy in extradition proceedings. *Id.* at 4. However, this Court will not question the reliability or trustworthiness of a judicial decree from a foreign nation. *See Jhirad v. Ferradina*, 536 F.2d 478, 484–85 (2d Cir.

---

[4] The translation of the Cartago Tribunal's correction states, in relevant part: "[T]he [international arrest order] states that the penalty has not yet prescribed since the sentence was in firm on October 24th, 2002 and the penalty dictated for the accused Méndez Jiménez would prescribe on June 24th, 2013, having revised the case files the correct date in which the sentence was declared firm was on February 2004, through the resolution of the Third Court of the Supreme Court of Justice on the tenth hour and ten minutes of February 20th, 2004 (folios 292 to 312). Therefore the penalty imposed in the present case will be prescribing on October 20th 2014." Gov. Supp. Mem., Exh. 4.

1976) ("It is not the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another nation."); *see also Skaftouros v. U.S.*, 667 F.3d 144, 156 (2d Cir. 2011) ("Any arguments regarding the demanding country's compliance with its own laws [] are properly reserved for the courts of that country.").

I conclude from the Cartago Tribunal's correction document, and from the translations of Costa Rican law provided by the Costa Rican Embassy, that the statute of limitations for Mr. Mendez Jimenez's eight-year sentence began to run on the date he exhausted his appeal, February 20, 2004. Thus, his sentence did not lapse until October 20, 2014. Because Mr. Mendez Jimenez's arrest on October 10, 2014 effectively tolled the statute of limitations,[5] extradition is permissible.[6]

## III.   CONCLUSION

For the foregoing reasons, I find that Mr. Mendez Jimenez's sentence has not lapsed, and his extradition is therefore permitted.

Dated: December 16, 2014

/s/
Stephanie A. Gallagher
United States Magistrate Judge

---

[5] *See* Gov. Supp. Mem., Exh. 2, Costa Rica Criminal Code, Law Number 4573, Article 87.

[6] The Court notes Mr. Mendez Jimenez's arguments regarding the inadequacy of the documentation provided by the U.S. Department of State, and finds them unpersuasive. The Court stresses that, for purposes of an extradition certification, a "foreign conviction entered after a trial at which the defendant was present suffices, in and of itself, to establish probable cause." *Haxhiaj v. Hackman*, 528 F.3d 282, 290 (4th Cir. 2008).